SIDNEY S. JORDAN, TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF CONRAD N. JORDAN, PLAINTIFF, v. THE TOWNSHIP OF TEANECK, IN THE COUNTY OF BERGEN, DEFENDANT.

Submitted October 15, 1926—Decided May 21, 1927.

Trespass—Plaintiff Claimed Title to Land Subject to a Grant by a Former Owner to a Railroad Company to Use the Property For Railroad Purposes With Reversion When No Longer So Used—Held, That This Constituted a Grant of the Soil Itself, Not an Easement—During the Possession Under Such Grant, the Vendee Holds Title in Fee Subject to be Divested Upon the Happening of the Event Upon Which it is Determinable—Judgment For Defendant Affirmed.

On plaintiff's rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *William B. Gourley* (*Albert Comstock*, of counsel).

*Contra, Benjamin R. Buffett.*

PER CURIAM.

This was an action of trespass in the Supreme Court tried at the Bergen Circuit. There was a verdict for the defendant and the case is here on a rule allowed to the plaintiff to show cause why a new trial should not be granted.

The plaintiff below claims title as trustee of the premises upon which the alleged trespass was committed subject to the grant contained in a deed from one George W. Smith to the New York, West Shore and Buffalo Railroad Company. The alleged trespass consisted in the construction of a sewer on the land of the plaintiff and against his protest. The defendant attempted to justify its right to construct the sewer on the grant to the railway company and also on the ground that the *locus in quo* had become a public highway. It also denied the plaintiff's interest and right to sue.

The learned trial judge submitted the case to the jury as to whether the predecessors in the plaintiff's title "did not give the right to the railroad company to use the land for all necessary purposes," and if they did he instructed the jury that there was a right in the municipality with the railroad company's permission to lay the sewer. The propriety of these instructions is before us on this rule.

The deed from Smith, the former owner, to the railroad company "grants and conveys to the railroad company, its successors and assigns, the right to use and occupy for the uses and purposes of a railroad station, including side tracks, switches, approaches, buildings and all the accommodations necessary for a station," and in the *habendum* clause "to have and to hold the same to the railroad company and its successors and assigns for said uses and purposes." The deed contains this further provision: "It is mutually under-

stood, covenanted and agreed by and between the parties hereto that if the party of the second part, its successors and assigns, shall fail to construct, establish and maintain a station upon the lands hereinbefore first described or shall cease to use said lands for the uses and purposes of a railroad station that then and in that event the lands hereinbefore granted shall revert to the party of the first part, his heirs and assigns."

The theory of the plaintiff was that this grant constituted a mere easement; that of the defendant that it was a determinable fee. We think the plaintiff's contention is unsound. The authorities in this state are to the contrary. It was held by the Court of Errors and Appeals in *Fitzgerald* v. *Faunce,* 46 *N. J. L.* 596, dealing with a deed containing a grant "of the sole right, privilege, use and enjoyment at all times for all purposes of fishing whatsoever, and for no other purpose;" that it constituted a grant of the soil itself and not a mere easement. This enunciation was a reaffirmation of earlier decisions in that court. *Southard* v. *Central Railroad,* 26 *Id.* 14, and *McKelway* v. *Seymour,* 29 *Id.* 321. During the possession under such grant the vendee holds the title in fee, subject to be divested upon the happening of the event upon which it is determinable. This being true we think the question presented in the court below became one of law and not of fact, and that under the law, as we find it, it was the duty of the trial judge to have directed a verdict for the defendant. If, instead of doing so, he submitted the case to the jury for its determination, and the jury found as the judge would have been obliged to do, the error becomes harmless, and of the result the plaintiff has no right to complain.

It is stated in the brief of counsel that the question has now become largely academic by reason of the fact that since the rendition of a verdict in this case the township has acquired through condemnation proceedings whatever of interest the plaintiff had in the land as a barrier to the construction of the sewer. As, however, the case must be determined on the record as it stands before us we proceed to

determine it, and our conclusion is that until the deed ceased to operate as vesting an estate in fee the plaintiff was without standing to bring the action, and that the rule for new trial should be discharged.